IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

SEANRYAN MURPHY, )
)
Plaintiff, )
)
v. )
)
TOYOTA MOTOR CORPORATION, ) Case No. 5:19-cv-01192-J
a foreign corporation, and )
)
TOYOTA MOTOR SALES U.S.A., INC., )
a foreign corporation, )
)
Defendants. )

## DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S PUNITIVE DAMAGES CLAIM, AND OPENING BRIEF IN SUPPORT

Pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, Defendants, Toyota Motor Corporation and Toyota Motor Sales U.S.A., Inc. ("Toyota"), move this Court for judgment as a matter of law on Plaintiffs' prayer for punitive damages. A reasonable jury would not have a legally sufficient evidentiary basis to support a claim for punitive damages in this case. At trial, there has been no evidence introduced for which a reasonable jury could conclude that either of the Toyota defendants acted with "reckless disregard for the rights of evidence." OKLA. STAT. tit. 23, § 9.1. There has been no testimony or documentary evidence at trial for which a reasonable jury could find for Plaintiff on a claim punitive damages.

In support of this motion, the Toyota Defendant show this Court as follows:

## I. INTRODUCTION AND SUMMARY

In discovery, Plaintiff failed to identify any evidence in support of his prayer for punitive damages. Plaintiff didn't identify any facts to support his punitive damages claim in response to Toyota's interrogatory:

> **INTERROGATORY NO. 24:** Please state all facts which you contend support your claim for punitive damages.
>
> **ANSWER:** Plaintiff objects to this Interrogatory to the extent that it requires an expert opinion. Plaintiff is not an expert in automotive design, manufacturing or labeling. Plaintiff states that he will supplement this Interrogatory in accordance with the Court's Scheduling Order with expert materials. Further, Plaintiff will list his exhibits and witnesses in accordance with the Court' Scheduling Order.

[Ex. 1: Plaintiff Seanryan Murphy's Answers to Toyota Motor Sales, U.S.A., Inc.'s First Interrogatories at Response to Interrogatory No. 24 (served June 5, 2020).] Plaintiff also failed to identify any documents which supported his punitive damages claim in response to Toyota's request for documents:

> **REQUEST NO. 22:** All documents relating to any act or omission that you contend shows that defendants intentionally or maliciously harmed Plaintiff, or acted in conscious disregard of Plaintiff's rights, and on which an award of punitive damages could be based, either in whole or in part.
>
> **RESPONSE:** Plaintiff objects to this Request as premature and as it calls for an expert opinion. Plaintiff states that he will supplement his Responses to this Request with expert disclosures in accordance with the Court's Scheduling Order.

[Ex. 2: Plaintiff's Responses to Toyota Motor Sales, U.S.A., Inc.'s First Request for Production, at Response to Request No. 22 (served June 5, 2020).] Plaintiff has never supplemented his discovery responses in the more than two and half years since responding to that written discovery. Fed. R. Civ. P. 26(e)(1)(A) (requiring parties to timely supplement incomplete or incorrect discovery responses). Additionally, Plaintiff's only liability expert, William Munsell, did not identify any evidence that would support Plaintiff's prayer for punitive damages in this expert report. [Ex. 3: Munsell Report (April 4, 2022).]

Plaintiff also failed to present any evidence at the trial of this matter that would support an award for punitive damages. Based on the evidence admitted at trial during Plaintiff's case-in-chief, Plaintiff has failed to make a *prima facie* case for punitive damages. Plaintiff failed to present any facts showing that Toyota knew its vehicle was defective and did not eliminate the danger. There is no evidence that Toyota knew of a problem in the subject vehicle and concealed such knowledge or refused to do anything about it. Plaintiff's two liability experts – Munsell and Ziejewski – did not introduce any evidence at trial suggesting that Defendants acted with "reckless disregard of the rights of others." At trial, Plaintiff did not produce any evidence that the seating system in the 2003 Toyota Matrix:

- failed to comply with any Federal Motor Vehicle Safety Standard;
- failed to comply with any recognized safety standard of any kind;
- failed to comply with any automotive engineering design criteria;
- failed to comply with any internal standard or specification;

3

- failed to comply with any testing requirement;
- failed to comply with any industry practice;
- failed to comply with any recognized or published benchmark of any kind whatsoever.

Plaintiff's theory of defect posited by William Munsell, who is not an automotive, is not supported by any testing, any relevant scientific community, or any peer-reviewed process. Munsell's defect opinion offered at trial is unsubstantiated and unreliable.

Moreover, even if there were evidence of negligence, which there is not in this case, it would not be sufficient to establish a claim for punitive damages. For these reasons, Toyota is entitled to directed verdict on Plaintiff's prayer for punitive damages.

## II. DIRECTED VERDICT STANDARD

Directed verdict on an issue is mandated where there is no evidence upon which the jury could properly find on that issue in favor of the party opposing the motion. *Marshall v. Nelson Elec., a Unit of Gen. Signal*, 766 F. Supp. 1018, 1027 (N.D. Okla. 1991), aff'd, 999 F.2d 547 (10th Cir. 1993). Although the Court "must view the evidence most favorably to the nonmoving party and give that party the benefit of all reasonable inferences from the evidence." *Id.* (quoting *Brown v. McGraw–Edison Co.*, 736 F.2d 609, 613 (10th Cir. 1984)). A trial court errs in denying a directed verdict on punitive damages where there is "no evidence in the record to show that the defendants' conduct should be punished or deterred. Conduct which is merely negligent cannot serve as a basis for a punitive damage award." *Alley v. Gubser Dev. Co.*, 785 F.2d 849, 855 (10th Cir. 1986) (interpreting

4

Colorado law) (internal citations and quotations omitted). Based on this standard, Toyota is entitled to directed verdict on Plaintiff's prayer for punitive damages.

## III. ARGUMENT AND AUTHORITIES

Oklahoma law provides for three categories of punitive damages. Okla. Stat. tit. 23, § 9.1. Category I punitive damages may be awarded only if the jury finds that the defendant "has been guilty of reckless disregard for the rights of others." Okla. Stat. tit. 23, § 9.1(B). Category II punitive damages may be awarded only if the jury finds that the defendant acted "intentionally and with malice towards others." *Id.* § 9.1(C). For punitive damages under Category III, the jury must make the same finding as for Category II and, in addition, this Court must find, beyond a reasonable doubt, on the record and out of the presence of the jury, that the defendant engaged in "conduct life-threatening to humans." *Id.* § 9.1(D). All three categories of punitive damages require proof by "clear and convincing evidence."

Further, even if the jury determines Plaintiff proved the existence of an alleged defect, merely proving a defect in a product does not entitle a plaintiff to punitive damages. Mere negligence in designing, manufacturing and selling a product which is defective is insufficient to rise to the level of reckless disregard of the rights of others and does not constitute an intentional act with malice towards others. "'Reckless disregard' is not to be confused with inadvertent conduct. To meet this standard the manufacturer must either be aware of, or culpably indifferent to, an unnecessary risk of injury." *Thiry v. Armstrong World Indus.*, 661 P.2d 515, 518 (Okla. 1983); *see also Keener Oil & Gas Co. v. Stewart*, 45 P.2d 121, 122 (Okla. 1935) (imposition of punitive damages requires more than a finding of damage caused by negligence; it requires a finding of evil intent).

5

Generally, "[s]howings necessary for a punitive damage award require a higher standard of culpability, *i.e.*, fraud, oppression or malice which is accompanied with some evil intent or recklessly wanton conduct as is deemed its equivalent in the law." *Hamilton v. Amwar Petroleum Co., Inc.*, 769 P.2d 146, 149 (Okla. 1989). "Malice" is not established unless the Plaintiff shows "evil intent, ill will or hatred" on the part of Toyota in designing, manufacturing, and selling the 2003 Matrix, or the doing of a wrongful act intentionally and without just cause or excuse. *Id.*; *see, e.g., Malik v. Apex Int'l Alloys, Inc.*, 762 F.2d 77, 80 (10th Cir. 1985) (applying Oklahoma law) ("Malice is defined as a wrongful act done intentionally without just cause or excuse."); *Bennett v. City Nat'l Bank & Trust Co.*, 549 P.2d 393, 397 (Okla. Civ. App. 1975) ("Malice is defined as the intentional doing of a wrongful act without justification or excuse.").

Plaintiff failed to present any evidence of fraud, oppression, malice, evil intent, or recklessly wanton conduct in his case-in-chief. Absent evidence sufficient to satisfy the punitive damages standard by clear and convincing proof, punitive damages are not recoverable. *See, e.g., Hamilton v. Amwar Petroleum Co.*, 769 P.2d 146, 149-50 (Okla. 1989) (affirming actual damages award and reversing award of punitive damages because "[t]here is no competent evidence the conduct here examined is tainted with actual fraud, oppression or malice, and the conduct disclosed by the record is not such that discloses an evil intent by which malice could be inferred."); *Beneficial Fin. Co. v. Young*, 612 P.2d 1357, 1360-61 (Okla. 1980) (affirming actual damages award, vacating punitive damages award, and ruling that trial court erred in submitting punitive damages to the jury where none of defendant's acts were willful, wanton, or malicious); *Mangrum v. Ford Motor*

*Credit Co.*, 577 P.2d 1304, 1306-07 (Okla. 1978) (affirming actual damages award, vacating punitive damages award, and ruling that trial court erred in submitting punitive damages to the jury where there was no evidence that defendant acted with a willful, deliberate, or evil intent). Absent any such evidence, Toyota is entitled to directed verdict in Plaintiff's prayer for punitive damages.

## IV.  CONCLUSION

Plaintiff has failed to present any evidence upon which a jury could find that Toyota acted in reckless disregard for the rights of others, acted intentionally and with malice towards others, or that Toyota engaged in conduct life-threatening to humans, in designing or manufacturing the 2003 Toyota Matrix. As such, Toyota is entitled to directed verdict on Plaintiff's prayer for punitive damages.

Respectfully submitted,

s/*Andrew L. Richardson*
Mary Quinn Cooper, OBA #11966
Andrew L. Richardson, OBA #12327
MCAFEE & TAFT, P.C.
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
918/587-0000
918/599-9317 (FAX)
maryquinn.cooper@mcafeetaft.com
andrew.richardson@mcafeetaft.com

David P. Stone – *Pro Hac Vice*
Texas State Bar No. 19289060
Suzanne H. Swaner – *Pro Hac Vice*
Texas State Bar No. 90001631
NELSON MULLINS RILEY &
SCARBOROUGH LLP
5830 Granite Parkway, Suite 1000
Plano, Texas 75024
469/484-6100
469/828-7217 (FAX)
david.stone@nelsonmullins.com
suzanne.swaner@nelsonmullins.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certified that on the 20th day of January, 2023, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. The Clerk of the Court will transmit a notice of electronic filing to the ECF registrants based on the records currently on file.

Richard L. Denney
Lydia JoAnn Barrett
Jason E. Robinson
DENNEY & BARRETT, P.C.
870 Copperfield Drive
Norman, OK 73072
405/364-8600
405/364-3980 (FAX)
rdenney@dennbarr.com
lbarrett@dennbarr.com
jrobinson@dennbarr.com

*Attorneys for Plaintiff*

Adam W. Christensen
Christensen Law PLLC
3401 NW 63rd Street, Suite 611
Oklahoma City, OK 73116
adam@christensen.law

s/Andrew L. Richardson

8
