# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

SEANRYAN MURPHY,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
vs.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀Case No.⠀⠀CIV-19-1192-J
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
TOYOTA MOTOR CORPORATION,⠀)
a foreign corporation, and⠀⠀⠀⠀)
TOYOTA MOTOR SALES U.S.A.,⠀)
INC., a foreign corporation,⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Defendants.⠀⠀⠀⠀)

---

## JURY INSTRUCTIONS

---

January 20, 2023

# INSTRUCTION NO. 1

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

Now that you have heard the evidence, it is my duty to instruct you as to the applicable law. It is your duty as jurors to follow the law as stated in the instructions of the Court and to apply it to the facts as you find them from the evidence in the case. These instructions contain all the law which may be applied by you and the rules by which you should weigh the evidence and determine the facts in issue.

All parties to a lawsuit are entitled to the same fair and impartial consideration, whether they are corporations or individuals. In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. You are not to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, you must follow the law as I instruct you. Your decision must be based upon probabilities, not possibilities. It may not be based upon speculation or guess work.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case. It is not my function to determine the facts, but rather yours.

## INSTRUCTION NO. 2

## <u>STATEMENT OF THE CASE</u>

The parties to this case are Seanryan Murphy, Plaintiff, and Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Defendants. On February 15, 2018, Plaintiff was driving a 2003 Toyota Matrix on Michelin Road in Ardmore, Oklahoma. The Toyota Matrix went outside the lanes of travel several times; it then spun around, and its rear end struck the upright support pole of a railroad crossing warning signal. Plaintiff's spine was injured, and Plaintiff is now paralyzed.

Plaintiff claims the seat configuration in the 2003 Toyota Matrix's seating system is defective and unreasonably dangerous. Defendants deny Plaintiff's claims.

These are the issues for you to decide.

**INSTRUCTION NO. 3**

## STATEMENT OF THE CASE – CAUTIONARY INSTRUCTION

This statement of the case simply defines the issues to be tried by you in this case, and the allegations or claims made therein do not constitute any evidence, nor do the statements or arguments of counsel, but you will only consider as evidence the testimony of the witnesses, any exhibits which have been introduced, and any stipulations made by counsel, and you will consider that evidence under the following instructions.

## INSTRUCTION NO. 4

## BURDEN OF PROOF
## GREATER WEIGHT OF THE EVIDENCE

In a civil lawsuit, such as this one, the law provides which party is to prove certain things to you. This is called the "burden of proof."

When I say that a party has the burden of proof on any proposition by the greater weight of the evidence, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which such party has the burden of proof is more probably true than not true. The greater weight of the evidence does not mean the greater number of witnesses testifying to a fact, but means what seems to you more convincing and more probably true.

A party who seeks to recover on a claim, or a party who raises an affirmative defense, has the burden to prove all the elements of the claim or defense. In deciding whether a party has met the burden of proof, you are to take into account all the evidence, whether offered by that party or any other party.

# INSTRUCTION NO. 5

## EVIDENCE

The evidence in the case consists of the sworn testimony of the witnesses, all exhibits which have been received in evidence, and all facts which have been admitted or stipulated. The attorneys' arguments, statements, opinions, and recollections of the evidence and testimony are not evidence.

It is an attorney's duty to object when the other side offers testimony or other evidence that the attorney believes is not admissible. When I have sustained an objection to a question, you are to disregard the question, and may draw no inference from the wording of it or speculate as to what the witness would have said if permitted to answer.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, I am not, unless expressly stated, indicating any opinion as to the weight or effect of such evidence. As stated before, you are the sole judges of the facts and that includes the credibility of all witnesses and the weight and effect of all evidence.

## INSTRUCTION NO. 6

## <u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

There are, generally speaking, two types of evidence from which a jury may properly find the facts in a case − direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts actual, personal knowledge of a fact, such as the testimony of an eyewitness. "Direct evidence" may also be an exhibit such as a photograph which demonstrates the existence of a fact. It is proof which points immediately to a question at issue and which proves the existence of a fact without inference or presumption.

"Circumstantial evidence" is the proof of facts or circumstances which gives rise to a reasonable inference of other connected facts.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should consider circumstantial evidence together with all the other evidence in the case in arriving at your verdict.

# INSTRUCTION NO. 7

## **DETERMINING CREDIBILITY [BELIEVABILITY] OF WITNESS**

You are the sole judges of the believability of each witness and the value to be given the testimony of each. You should take into consideration the witness's means of knowledge, strength of memory and opportunities for observation. Also consider the reasonableness and consistency or inconsistency of the testimony.

You should also consider the bias, prejudice, or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand, and all other facts and circumstances that affect the believability of the witness.

## INSTRUCTION NO. 8

### EXPERT WITNESS

There has been introduced the testimony of witnesses who are represented to be skilled in certain areas. Such witnesses are known in law as expert witnesses. You may consider the testimony of these witnesses and give it such weight as you think it should have, but the value to be given their testimony is for you to determine. You are not required to surrender your own judgment to that of any person testifying as an expert or otherwise. The testimony of an expert, like that of any other witness, is to be given such value as you think it is entitled to receive.

# INSTRUCTION NO. 9

## DEPOSITION EVIDENCE

During the trial, certain testimony has been presented by way of video or written depositions. You are instructed that you are not to discount this testimony for the sole reason that it comes to you in the form of a deposition. It is entitled to the same consideration and the same judgment on your part and reference to its weight and credibility as is the testimony of witnesses who have taken the stand.

# INSTRUCTION NO. 10

## MANUFACTURERS' PRODUCTS LIABILITY – ELEMENTS

Plaintiff Seanryan Murphy is claiming damages for manufacturers' products liability. Plaintiff has the burden of proving each of the following by the greater weight of the evidence:

1. Defendants manufactured and/or sold the subject 2003 Toyota Matrix;

2. Defendants were in the business of manufacturing and/or selling such products;

3. The seat configuration in the 2003 Toyota Matrix's seating system was defective and because of the defect, the 2003 Toyota Matrix was unreasonably dangerous to a person who uses, consumes, or might be reasonably expected to be affected by the 2003 Toyota Matrix;

4. The seat configuration in the 2003 Toyota Matrix's seating system was defective at the time it was manufactured and/or sold by Defendants or left their control;

5. Plaintiff was a person who used, consumed, or could have reasonably been affected by the 2003 Toyota Matrix; and

6. Plaintiff sustained personal injuries directly caused by the defect in the seat configuration in the 2003 Toyota Matrix's seating system.

# INSTRUCTION NO. 11

## **DEFECTIVE – DEFINED**

A product is defective when it is not reasonably fit for the ordinary purposes for which such products are intended or may reasonably be expected to be used. A defect may arise out of the design of the product occurring while the product was in the control of Defendants.

## INSTRUCTION NO. 12

## UNREASONABLY DANGEROUS – DEFINED

"Unreasonably dangerous" means that the article must be dangerous to an extent beyond that which would be contemplated by the ordinary user or consumer who purchased it with the ordinary knowledge common to the community as to the product's characteristics.

## INSTRUCTION NO. 13

## DIRECT CAUSE – DEFINITION

Direct cause means a cause which, in a natural and continuous sequence, produces injury and without which the injury would not have happened. For a defect in a product to be a direct cause it is necessary that some injury to a person in Plaintiff's situation must have been a reasonably foreseeable result of the defect.

There may be more than one direct cause of an injury. When an injury is the result of a defect in a product as well as the conduct of another person, both the defect and the conduct of the other person are direct causes of the injury regardless of the extent to which each contributed to the injury.

## INSTRUCTION NO. 14

## <u>CONTRIBUTING FACTOR</u>

A contributing factor, as that term is used in these instructions, means a factor that has a causal role in producing an injury. There may be more than one cause to an injury.

If you find by the greater weight of the evidence that the seat configuration in the 2003 Toyota Matrix's seating system was defective and that the defect was a contributing factor in increasing the harm to Plaintiff beyond what was due to other causes, then Defendants are liable for the increased harm.

If you are able to separate the harm that was due to the other causes from the increased harm from the defect, Defendants are liable only for the increased harm from the defect. But if you are not able to separate the harm that was due to the other causes from the increased harm from the defect, Defendants are liable for all the harm to Plaintiff.

Defendants have the burden of proving by the greater weight of the evidence that the increased harm from the defect can be separated from the harm due to the other causes.

# INSTRUCTION NO. 15

## <u>PERSONAL INJURIES – ADULTS</u>

If you decide for Plaintiff, you must then fix the amount of his damages. This is the amount of money that will reasonably and fairly compensate him for the injuries sustained as a result of the defect.

In fixing the amount you will award him you may consider the following elements:

A.    His physical pain and suffering, past and future;

B.    His mental pain and suffering, past and future;

C.    His age;

D.    His physical condition immediately before and after the accident;

E.    The nature and extent of his injuries;

F.    Whether the injuries are permanent;

G.    The physical impairment;

H.    The disfigurement,

I.    Impairment of earning capacity; and/or

J.    The reasonable expenses of Plaintiff's necessary medical care, treatment, and services, past and future.

## INSTRUCTION NO. 16

## MEASURE OF DAMAGES – AGGRAVATIONS OF PRE-EXISTING CONDITIONS

A person who has a condition or disability at the time of an injury is entitled to recover damages for any aggravation of such pre-existing condition or disability directly caused by the injury. This is true even if the person's condition or disability made him more susceptible to the possibility of injury than a normally healthy person would have been, and even if a normally healthy person probably would not have suffered any substantial injury.

When a pre-existing condition or disability is so aggravated, the damages as to such condition or disability are limited to the additional injury caused by the aggravation.

# INSTRUCTION NO. 17

## EFFECT OF INSTRUCTIONS AS TO DAMAGES

The fact that the Court has instructed you as to the proper measure of damages should not be considered by you as intimating any view of mine as to which side of this litigation is entitled to receive a verdict in this case. Instructions as to the measure of damages are given for your guidance in the event you should find in favor of Plaintiff from the greater weight of the evidence in this case.

# INSTRUCTION NO. 18

## EXEMPLARY OR PUNITIVE DAMAGES – FIRST STAGE

If you find in favor of Plaintiff, and grant him actual damages, then you must also find by a separate verdict, whether Defendants acted in reckless disregard of the rights of others.

Plaintiff has the burden of proving this by clear and convincing evidence. By that I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which the party has this burden of proof is highly probable and free from serious doubt.

The conduct of Defendants was in reckless disregard of another's rights if Defendants were either aware, or did not care, that there was a substantial and unnecessary risk that their conduct would cause serious injury to others. In order for the conduct to be in reckless disregard of another's rights, it must have been unreasonable under the circumstances, and also there must have been a high probability that the conduct would cause serious harm to another person.

If you find that Defendants acted in reckless disregard of the rights of others, you may award punitive damages against Defendants in a later part of this trial. If you find that Defendants did not act in reckless disregard of the rights of others, you may not award punitive damages against Defendants.

## INSTRUCTION NO. 19

## <u>CLOSING</u>

In a few moments, you will go with the bailiff to the jury room to begin your deliberations. If any of you have cell phones or similar devices with you, you are instructed to be sure they are turned off and then to give them to the bailiff as you enter the jury deliberation room. They will be held by the bailiff for you and returned to you after your deliberations are completed and during any lunch break or similar period when you are not deliberating. The purpose of this requirement is to avoid any interruption or distraction during your deliberations and to avoid any question of outside contact with the jury during your deliberations.

When you retire to the jury room to begin your deliberation, you should elect one juror as your foreperson. That person will preside over the deliberations and will be your spokesperson in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if that can be done without disregard of individual judgment. Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors. During your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your

honest conviction solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

You should not let sympathy, sentiment or prejudice enter your deliberations, but you should discharge your duties as jurors in an impartial and conscientious manner under your oaths and return such verdict as the evidence warrants under these instructions. You must not use any method of chance in arriving at your verdict.

Your verdict must be based solely upon the evidence received in this case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any verdict form prepared for your convenience is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury.

A verdict form will be sent to the jury room with you, along with these written instructions. I suggest you study the verdict form early in your deliberations so you know what you must decide. All of you must agree on a verdict. When you have reached a decision, the foreperson will fill in, date, and sign the verdict form. Notify the bailiff by a written note when you have agreed on a verdict, so that you may return it into open court.

If it becomes necessary during your deliberation to communicate with me, you may send a note through the bailiff signed by your foreperson. In the message do not tell me

how you stand on your verdict.   No member of the jury should ever attempt to communicate with me except by a signed writing.

BERNARD M. JONES
United States District Judge